IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HEATHER DERUELLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUBWAY RESTAURANTS, INC.<br><br>Defendant. | Civil Action No.: ___1:24-cv-941___<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Heather Deruelle ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant Subway Restaurants, Inc. ("Subway" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel, and review of public documents.

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action on behalf of herself, and all other similarly situated persons who purchased any of Subway's Steak and Cheese Sandwiches[1] ("The Product")

2. This action is brought to remedy various violations of law in connection with Defendant's marketing, advertising, and selling of The Product.

3. Specifically, Subway uses photographs in its advertisements that make it appear that the Steak & Cheese sandwich contains at least 200% more meat than the actual sandwiches that customers receive.

---

[1] https://www.subway.com/en-AE/MenuNutrition/Menu/Product?ProductId=5759&MenuCategoryId=504

1

4. Numerous other customers have complained on social media that Subway's advertisements for the Steak & Cheese sandwich are grossly misleading.

5. Below is just one of the many online complaints regarding Subway's Steak & Cheese Sandwich. [2]



6. Interestingly, the first result when Googling "Subway Steak and Cheese" brings a consumer to Subway's webpage with the following image and description:

---

[2] https://www.reddit.com/media?url=https%3A%2F%2Fpreview.redd.it%2Fat-a-local-subway-today-v0-62kxpy3hf9wc1.jpg%3Fwidth%3D998%26format%3Dpjpg%26auto%3Dwebp%26s%3D010026b4cc71b6a5ff059a973ccb4347a4934487



7. As shown above, Subway explicitly states in one advertisement, "A Steak & Cheese sandwich with *lots of steak* smothered in melted cheese. (Emphasis added).[4]

8. Subway's advertisements for the Product are unfair and financially damaging to consumers as they are receiving a product that is materially lower in value than what is being represented.

---

[4] https://www.subway.com/en-AE/MenuNutrition/Menu/Product?ProductId=5759&MenuCategoryId=504

9. Subway's promise to consumers of a large portion of food with their purchase is also causing consumers to come to, or order from, Subway restaurants and make purchases that they would not have otherwise made.

10. The allegations herein are based on personal knowledge as to Plaintiff's own experience and are made as to other matters based on an investigation by counsel, including analysis of publicly available information.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

12. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself to the laws, rights, and benefits of the State of North Carolina. Defendants are engaged in activities in North Carolina including (i) directly and/or through its parent companies, affiliates and/or agents providing services throughout this forum (ii) conducting substantial business in this forum; and/or (iii) engaging in other persistent courses of conduct and/or deriving substantial revenue from services provided in North Carolina and in this judicial District.

13. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. The Defendant sells and distributes their Product throughout the United States and in this District.

## PARTIES

14. Heather Deruelle is a citizen of the State of North Carolina and resides in Albemarle, North Carolina. Albemarle is located within Stanly County, North Carolina.

15. Defendant Subway Restaurants, Inc., is a Delaware corporation headquartered in the State of Connecticut, with its principal place of business at 325 Sub Way, Milford, CT 06461.

16. At all times relevant hereto, Defendant Subway Restaurants manufactured, mass marketed, sold, produced, and distributed the Product throughout the United States, including the State of Pennsylvania.

## FACTUAL ALLEGATIONS

17. Plaintiff purchased a Steak & Cheese sandwich through Subway's mobile application for pickup at her local Subway store located in Albemarle, North Carolina.

18. Plaintiff viewed the advertisements for the Steak & Cheese sandwich on Subway's mobile ordering application and relied on said photographs in choosing to purchase said sandwich.

19. After she picked up and began eating her sandwich, Plaintiff realized that there was barely any steak in the sandwich and that the photographs that she relied on were grossly misleading.

20. Plaintiff expected that the Steak & Cheese sandwich that she ordered would contain a similar amount of meat as contained in the photograph for the Steak & Cheese sandwich on Subway's mobile ordering application.

21. However, the photograph for the Steak & Cheese sandwich on Subway's mobile ordering application contained well over 200% more meat than what was in the actual sandwich that Plaintiff received. If Plaintiff knew that the Steak & Cheese sandwich contained substantially less than the amount of meat as advertised, she would not have purchased said sandwich.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action on behalf of herself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

**Nationwide Class:** All persons that purchased a Steak & Cheese sandwich from Subway during the period between October 28, 2021, through the date of the final disposition of this action (the "Nationwide Class").

**North Carolina Subclass:** All persons from the state of North Carolina that purchased a Steak & Cheese sandwich from Subway during the period between October 28, 2021, through the date of the final disposition of this action (the "North Carolina Subclass").

23.     Together, the Nationwide Class and North Carolina Subclass will be collectively referred to as the "Class" or "Classes." Members of these Classes will be referred to as "Class Members".

24.     Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

25.     The proposed class definitions in ¶ 23 as limited by ¶ 26 may be amended or modified from time to time.

26.     The particular members of the Nationwide Class and North Carolina Subclass are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from public records.

27. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

28. The Proposed Classes are so numerous that the joinder of all members is impracticable.

29. This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Federal Rule of Civil Procedure 23.

30. **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

31. **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a Product that contained the same false advertising found in all other Products.

32. **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class that she seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class action litigation, and she intends to prosecute this action vigorously. The interests of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

33.     **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members, and questions of law and fact common to all Class Members predominate over questions affecting only individual class members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources.

34.     **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

a. Whether Defendant's advertisements are materially misleading;

b. Whether Defendant engaged in unlawful, unfair, misleading, or deceptive business acts or practices;

c. Whether a reasonable consumer could be misled by Defendant's advertisements;

d. Whether Defendant's advertisements violate the North Carolina Unfair and Deceptive Trade Practices Act;

e. Whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

f. Whether Plaintiff and Class Members are entitled to other equitable relief, including an injunction requiring that Defendant engage in a corrective notice campaign and/or a recall.

## CAUSES OF ACTION

### COUNT I
**Violation of the North Carolina Unfair and Deceptive Trade Practices Act**
**N.C. GEN. STAT. § 75-1** *et seq.*
**(On Behalf of Plaintiff and the Classes)**

35.     Plaintiff incorporates paragraphs 1-34 as if fully set forth herein.

36. Plaintiff brings this count on behalf of herself and the Classes.

37. Defendant's sale of the Product to Plaintiff and Class Members is a consumer transaction within the meaning of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1 *et seq.*

38. Defendant's ongoing failure to provide the Product as advertised violated the UDTPA in at least these respects:

   a. Defendant's acts and practices constitute misrepresentations that its Product has characteristics which it does not have;

   b. Defendant misrepresented that its Product is over a particular standard or quality when it is of another;

   c. Defendant's acts and practices constitute the advertisement of goods, without the intent to sell them as advertised;

39. Defendant's misleading and deceptive advertising, as set forth herein, had the capacity, tendency, or effect of deceiving or misleading consumers and therefore violate the UDTPA.

40. Defendant's reasonable reliance on these misleading and deceptive advertisements has been the direct and proximate cause of Plaintiff's damages.

41. By reason of the foregoing, Plaintiff and Class Members have been irreparably harmed, entitling them to injunctive relief, disgorgement, and restitution.

42. Plaintiff has standing under the UDTPA because she suffered economic injury as a result of Defendant's conduct described herein.

43. Under the UDTPA, a prevailing plaintiff may recover compensatory damages and reasonable attorney fees, and Plaintiff here is entitled to an award of both.

## COUNT II

### UNJUST ENRICHMENT

44. Plaintiff incorporates paragraphs 1-34 as if fully set forth herein.

45. Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the Product. Defendant knowingly and willingly accepted and enjoyed these benefits.

46. Defendant either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that the Product would comport with what was advertised. As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

47. Defendant's acceptance and retention of the benefits of the payments from Plaintiff and the members of the Classes under the circumstances alleged herein make it inequitable for Defendant to retain the benefits without payment of the value to Plaintiff and the members of the Classes.

48. Plaintiff and the members of the Classes are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

49. Plaintiff and the members of the Classes seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

## COUNT 3
### BREACH OF EXPRESS WARRANTY

50. Plaintiff incorporates paragraphs 1-34 as if fully set forth herein.

10

51. Defendant, as the designer, manufacturer, marketer, distributor, and seller expressly warranted that the Product contained a certain amount of steak.

52. Defendant's express warranties and its affirmations of fact and promises made to Plaintiff and Class Members regarding the Product, became part of the basis of the bargain between Defendant and Plaintiff and Class Members, which creates an express warranty that the Product would conform to those affirmations of fact, representations, promises, and descriptions.

53. The Product does not conform to the express warranty that the Product is full of steak because they are in fact not.

54. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and Class Members have been injured and harmed because: (a) they would not have purchased the Product on the same terms if they knew the Product would not be as advertised; (b) they paid a price premium based on Defendant's express warranties; and (c) the Product does not have the characteristics or descriptions that were promised.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of herself and members of the Classes, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A. Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the Proposed Classes Members of the pendency of this action;

C. Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Instituting an injunction requiring that Defendant engage in a corrective notice campaign;

E. Scheduling a trial by jury in this action;

F. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law;

G. Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

H. Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: November 12, 2024

                                               Respectfully submitted,

                                               POULIN | WILLEY | ANASTOPOULO, LLC

                                               BY: /s/ Tiffany N. Lawson
                                               Tiffany N. Lawson (NC: 56719)
                                               Paul Doolittle (pro hac vice forthcoming)
                                               32 Ann Street Charleston, SC 29403
                                               Telephone: (803) 222-2222
                                               tiffany.lawson@poulinwilley.com
                                               paul.doolittle@@poulinwilley.com
                                               cmad@poulinwilley.com

                                               ATTORNEYS FOR PLAINTIFFS